\

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | |
| Caption in Compliance with D.N.J. LBR 9004-1(b) | |

| | |
|---|---|
| In Re:<br><br>**KLEY F. PERALTA, SR,**<br><br>　　　　　　Debtor. | **Case No.:**　　　16-21251 (MEH)<br><br>**Chapter:**　　　**7**<br><br>**Judge:**　　　Mark E. Hall |
| **SANTIAGO H. DAVILA**<br>　　　　　　**Plaintiff,**<br>**v.**<br>**KLEY F. PERALTA, SR., et al**<br>　　　　　　**Defendant.** | **Adv. Case No.:**　　16-01682 (MEH) |
| **FRANCISCA B. RODRIGUEZ et al,**<br>　　　　　　**Plaintiff,**<br>**v.**<br>**KLEY F. PERALTA, SR, et al**<br>　　　　　　**Defendant.** | **Adv. Case No.:**　　17-01047 (MEH) |

## ORDER DENYING MOTIONS TO DISQUALIFY MARIA INES GONZALEZ, ESQ. AS PLAINTIFF'S COUNSEL AND GRANTING RELATED RELIEF IN ADVERSARY PROCEEDINGS 16-1682 AND 17-1047

The relief set forth on the following pages, numbered two (2) through thirty-six (36),

is **ORDERED**.

*Santiago Davila v. Kley F. Peralta, Sr. et. al.* Adv. Pro. 16-1682
*Rodriguez et al v. Peralta, Sr. et. al.*  Adv. Pro. 17-01047

Page 2 of 36

**THIS MATTER** having come before the Court on the *Amended Motion for Order Disqualifying Maria Ines Gonzalez, Esq. as Plaintiff's Counsel and Granting Related Relief* in Adversary Proceeding 16-1682 *Santiago Davila v. Kley F. Peralta, Sr. et. al.* (ECF No. 158) and the *Motion for Order Disqualifying Maria Ines Gonzalez, Esq. as Plaintiff's Counsel and Granting Related Relief* in Adversary Proceeding 17-01047 *Rodriguez et al v. Peralta, Sr. et. al.* (ECF No. 142) (together, the "**Motions to Disqualify**"), filed by debtor Kley F. Peralta, Sr. (Case, No. 16-21251), and opposition having been filed thereto as set forth in the attached Memorandum Decision, and the Court having conducted a hearing on the Motions to Disqualify on June 2, 2025, at which time the parties appeared and made argument; and for the reasons set forth in the attached Memorandum Decision, and for good cause shown, it is hereby:

**ORDERED** as follows:

1. The *Amended Motion for Order Disqualifying Maria Ines Gonzalez, Esq. as Plaintiff's Counsel and Granting Related Relief* in Adversary Proceeding 16-1682 shall be and hereby is DENIED without prejudice.

2. The *Motion for Order Disqualifying Maria Ines Gonzalez, Esq. as Plaintiff's Counsel and Granting Related Relief* in Adversary Proceeding 17-01047 shall be and hereby is DENIED without prejudice.

*Santiago Davila v. Kley F. Peralta, Sr. et. al.* Adv. Pro. 16-1682
*Rodriguez et al v. Peralta, Sr. et. al.*  Adv. Pro. 17-01047

Page 3 of 36

## <u>MEMORANDUM DECISION</u>

Before the Court are the following contested motions to disqualify Maria Ines Gonzalez, Esq. and the Law Firm of Maria Ines Gonzalez (together, "**Attorney Gonzalez**") filed on November 8, 2024 by the debtor-defendant Kley F. Peralta, Sr., (the "**Defendant**") in pending adversary proceedings related to bankruptcy case no. 16-21251:

1) The *Amended Motion for Order Disqualifying Maria Ines Gonzalez, Esq. as Plaintiff's Counsel and Granting Related Relief* in Adversary Proceeding 16-1682 *Santiago Davila v. Kley F. Peralta, Sr. et. al.* (ECF No. 158) (the "**Davila Motion to Disqualify**")[1]; and

2) The *Motion for Order Disqualifying Maria Ines Gonzalez, Esq. as Plaintiff's Counsel and Granting Related Relief* in Adversary Proceeding 17-01047 *Rodriguez et al v. Peralta, Sr. et. al.* (ECF No. 142) (the "**Rodriguez Motion to Disqualify**" and with the Davila Motion to Disqualify, the "**Motions to Disqualify**").

The Motions to Disqualify are premised on Attorney Gonzalez's representation of Veronica Espinosa ("**Veronica**")[2] in other matters.  Veronica is the wife of Tomas Espinosa, the former counsel to plaintiff Santiago Davila in Adversary Proceeding 16-1682 and plaintiffs Francisca B. Rodriguez and Niove Fermin in Adversary Proceeding 17-01047.  Veronica was also employed as a paralegal in Tomas Espinosa's law office.  Further, Veronica had a personal relationship and

---

[1] Defendant filed the *Motion For Order Disqualifying Maria Ines Gonzalez, Esq. As Plaintiff's Counsel And Granting Related Relief* (16-01682, ECF 155) on November 1, 2024 which was amended on November 8, 2024 by the Davila Motion to Disqualify (16-01682, ECF 158).

[2] Considering the voluminous references to Veronica Espinosa and Tomas Espinosa throughout this Memorandum Decision, the Court will use Ms. Espinosa's first name, Veronica, when referring to her for the sake of simplicity and in an effort to avoid confusion with references to Tomas Espinosa.  This informal approach is being used only to achieve clarity and the Court means no disrespect to Ms. Espinosa in adopting this approach.

*Santiago Davila v. Kley F. Peralta, Sr. et. al.* Adv. Pro. 16-1682
*Rodriguez et al v. Peralta, Sr. et. al.* Adv. Pro. 17-01047

Page 4 of 36

business dealings with plaintiff Santiago Davila and his spouse.  The Motions to Disqualify compel

the Court to consider Veronica's position and activities and whether, considering such position and

activities, Attorney Gonzalez's representation of Veronica, in unrelated matters to the Adversaries,

disqualifies Attorney Gonzalez from representing the plaintiffs in the Adversaries, defined *infra*,

before this Court.

## I.      JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(a) and 157(a)

and the Standing Order of Reference from the United States District Court for the District of New

Jersey (the "**Bankruptcy Court**") dated July 23, 1984, as amended September 18, 2012, and as

further amended June 6, 2025.  This matter constitutes a core proceeding pursuant to 28 U.S.C. §

157(b)(2) (A) and (O).  Venue is proper under 28 U.S.C. § 1408.

As per Federal Bankruptcy Rule of Procedure 7052, the following are the Court's findings

of fact and conclusions of law.

## II.     STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

On June 9, 2016, Kley F. Peralta, Sr. and Carmen Peralta filed a Voluntary Petition

pursuant to Chapter 7 of the Bankruptcy Code (the "**Bankruptcy Case**") (16-21251, ECF No. 1]).

David Wolff was appointed as Chapter 7 Trustee. (16-21251, ECF No.  4.)

The Bankruptcy Case and its related proceedings have an extensive history of litigation which is

referenced in prior decisions and will not be fully recounted here.

### A.  The Davila Adversary

On September 6, 2016, Santiago H. Davila ("**Plaintiff Davila**"), through his counsel

Tomas Espinosa, Esq. ("**Tomas Espinosa**"), filed an adversary complaint against Defendant styled

*Santiago Davila v. Kley F. Peralta, Sr. et. al.* Adv. Pro. 16-1682
*Rodriguez et al v. Peralta, Sr. et. al.*  Adv. Pro. 17-01047

Page 5 of 36

*Santiago Davila v. Kley F. Peralta, Sr. et. al.*, Adversary Proceeding No. 16-1682 (the "**Davila Adversary**") seeking to except Plaintiff Davila's claims against the Defendant from discharge pursuant to 11 USC §§ 523(a)(4) and (6) (16-1682, ECF 1).[3]

## B. Rodriguez Adversary

On January 17, 2017, Francisca B. Rodriguez and Niove Fermin (the "**Rodriguez Plaintiffs**"), through their counsel Tomas Espinosa, filed an adversary complaint against Defendant, among others, styled *Francisca B. Rodriguez and Niove Fermin v. Kley F. Peralta, Sr. et. al.*, Adversary Proceeding No. 17-1047 (the "**Rodriguez Adversary**" and with the Davila Adversary, the "**Adversaries**") seeking to except the Rodriguez Plaintiffs' claims against the Defendant from discharge under 11 USC §§ 523(a)(2)(A), (a)(4), and (6) and deny discharge under 11 USC §§ 727(a)(3) and (a)(4)(A) as well as various statutory and common law claims as further set forth therein (17-1047, ECF No. 1).[4]

## C. Prior Motions to Disqualify Other Counsel

On June 8, 2017, in the Rodriguez Adversary, the Rodriguez Plaintiffs filed the *Motion to Disqualify as Attorney for Defendants, Joseph M. Shapiro, Esq. and Middlebrooks Shapiro, P.C.* (17-01047, ECF No. 21).  The motion was contested and the matter was litigated.  On March 6, 2018, the Court entered the *Order Denying Motion to Disqualify* (17-1047, ECF No. 40).

On June 1, 2021, in the Davila Adversary, Defendant filed the *Motion to Disqualify the Law Office of Tomas Espinosa, Esq. as Plaintiff's Counsel and Granting Related Relief* (16-1682,

---

[3] The Davila Adversary has been litigated for more than nine years including through dispositive and other motions which are not referenced herein.

[4] The Rodriguez Adversary has been litigated for more than eight years including through dispositive and other motions which are not referenced herein.

*Santiago Davila v. Kley F. Peralta, Sr. et. al.* Adv. Pro. 16-1682
*Rodriguez et al v. Peralta, Sr. et. al.*  Adv. Pro. 17-01047

Page 6 of 36

ECF 121).  The motion was contested and the matter was litigated.  On March 24, 2022, the Court

entered the *Order Denying Movant's Motion Disqualifying the Law Office of Tomas Espinosa,*

*Esq. as Plaintiff's Counsel* (16-1682, ECF No. 128).

### D.  Suspension of Plaintiffs' Attorney Tomas Espinosa

On August 9, 2024, Thomas Espinosa, filed a document notifying the Court of his

suspension from the practice of law in the State of New Jersey for three years effective August 21,

2024, as per the Supreme Court of New Jersey (16-1682, ECF No. 149;  17-1047, ECF No. 136).

### E.  Notice of Appearance by Attorney Gonzalez

On October 11, 2024, Attorney Gonzalez filed a Notice of Appearance on behalf of

Plaintiff Davila in the Davila Adversary and on behalf of the Rodriguez Plaintiffs in the Rodriguez

Adversary (16-1682, ECF No. 152; 17-1047, ECF No. 137).

### F.  Additional Filings and Procedural History Related to the Motions to Disqualify Attorney Gonzalez[5]

On November 6, 2024, the Court entered the *Amended Scheduling Order* (the "**November**

**6 Scheduling Order**") noting that a status conference was held on October 24, 2024 at which the

Defendant's counsel appeared.  The November 6 Scheduling Order granted the Defendant until

November 8, 2024 to file a motion to disqualify Attorney Gonzalez as counsel to the Rodriguez

Plaintiffs and set a status conference for December 3, 2024 (17-1047, ECF No. 140).[6]

---

[5] Apart from the Motions to Disqualify and certain supplemental pleadings following the June 2 Hearing, defined *infra*, Attorney Shapiro and Attorney Gonzalez have filed nearly identical documents in each of the Adversaries, with the only difference consisting of the case caption.  Therefore, the documents are described with references to the respective ECF numbers in the Adversaries.

[6] The November 6 Scheduling Order with the Rodriguez Adversary caption was filed in the Davila Adversary (16-01682 ECF No. 156).

*Santiago Davila v. Kley F. Peralta, Sr. et. al.* Adv. Pro. 16-1682
*Rodriguez et al v. Peralta, Sr. et. al.* Adv. Pro. 17-01047

Page 7 of 36

On November 12, 2024, Attorney Gonzalez filed a letter (the "**November 12 Letter**") with the Court bearing the date of November 5, 2024, in which Attorney Gonzalez responds to an e-mail request from Defendant's counsel Joseph Shapiro ("**Attorney Shapiro**") of the law firm Middlebrooks Shapiro PC (the "**Middlebrooks Firm**") related to a proposed amended scheduling order (16-1682, ECF No. 160; 17-1047, ECF No. 141).

A notation on the Court's electronic docket indicates a hearing was held on December 3, 2024 in the Adversaries and a response deadline to the Motions to Disqualify was set for January 7, 2025 with any replies due by January 28, 2025.

On January 5, 2025, Attorney Gonzalez filed the *Supplemental Submission in Opposition to Motion to Disqualify Maria Ines Gonzalez in Both* [*Adversary*] *Proceedings* (the "**January 5 Opposition**") (16-01682, ECF No. 161; 17-1047, ECF No. 145).

No reply was filed by the Defendant in the Adversaries by the January 28, 2025 deadline.

On February 11, 2025, Attorney Shapiro filed the *Supplemental Certification in Support of Defendant's Motion for Order Disqualifying Maria Ines Gonzalez, Esq. as Plaintiffs' Counsel* ("**Defendant's February 11 Certification**") (16-1682, ECF No. 162; 17-1047, ECF No. 146).

On February 14, 2025 the Court entered the *Order Transferring Case(s) to Another Judge within the District* in which the Bankruptcy Case and the Adversaries were transferred from the Honorable Rosemary Gambardella to the Honorable Mark E. Hall (16-1682, ECF No. 163; 17-1047, ECF No. 147).

The hearings on the Motions to Disqualify in the Adversaries were adjourned multiple times in response to the parties' requests and to comport with the Court's schedule.

*Santiago Davila v. Kley F. Peralta, Sr. et. al.* Adv. Pro. 16-1682
*Rodriguez et al v. Peralta, Sr. et. al.*  Adv. Pro. 17-01047

Page 8 of 36

On April 5, 2025, Attorney Gonzalez filed a letter in the Bankruptcy Case requesting permission to appear telephonically at the hearings on the Motions to Disqualify and attaching a letter from her doctor as support for her request to participate telephonically (16-21251, ECF No. 128).   On April 8, 2025, the Court entered a Text Order in the Bankruptcy Case and in the Adversaries granting the request.

On April 24, 2025, Attorney Shapiro filed the *Amended Supplemental Certification in Support of Defendant's Motion for Order Disqualifying Maria Ines Gonzalez, Esq. as Plaintiffs' Counsel* ("**Defendant's April 24 Supplement**") (16-1682, ECF No. 169; 17-1047, ECF No. 153).

On April 29, 2025 and April 30, 2035, Attorney Gonzalez filed the *Supplemental Objection* consisting of a letter objection and exhibits ("**Plaintiffs' April Supplement**") (16-1682, ECF Nos. 170, 171, 172; 17-1047, ECF Nos. 154, 155).[7]

The Court conducted a status conference on May 1, 2025 (the "**May 1 Hearing**") and the matter was continued until June 2, 2025.

On May 9, 2025, Attorney Gonzalez filed the *Response on Corbani* ("**Plaintiffs' Response on Corbani.**") (16-1682, ECF No. 173; 17-1047, ECF No. 156).

On May 22, 2025, Defendant filed the *Second Amended Supplemental Certification in Support of Defendant's Motion for Order Disqualifying Maria Ines Gonzalez, Esq. as Plaintiff's Counsel* ("**Defendant's May 22 Supplement**") (16-1682, ECF No. 174; 17-1047, ECF No. 157).

---

[7] ECF No. 170  filed on April 29, 2025 (the letter objection) with ECF 172 filed on April 30, 2025 (exhibits) in the Davila Adversary are the same as ECF No. 154 filed on April 30, 2025 (combined letter objection and exhibits) in the Rodriguez Adversary.  ECF No. 171 in the Davila Adversary and ECF No. 155 in the Rodriguez Adversary, both filed on April 30, 2025, appear identical.

*Santiago Davila v. Kley F. Peralta, Sr. et. al.* Adv. Pro. 16-1682
*Rodriguez et al v. Peralta, Sr. et. al.* Adv. Pro. 17-01047

Page 9 of 36

A combined hearing on the Motions to Disqualify was held on June 2, 2025 at which Attorney Shapiro appeared in person and Attorney Gonzalez appeared telephonically (the "**June 2 Hearing**"). The parties were permitted to provide a supplemental filing to the Court on or before July 3, 2025.

On July 1, 2025, Attorney Gonzalez filed *Veronica A. Espinosa's Certification and Waiver of any Conflict* in the Davila Adversary ("**Plaintiffs' July 1 Supplement**") (16-01682, ECF No. 175).[8] The Plaintiffs' July 1 Supplement contains a certification from Veronica Espinosa dated June 19, 2025  (the "**Veronica Certification**"), which incorporates Veronica's prior *Certification in Opposition to Defendant's Motion Disqualifying The Law Office Of Tomas Espinosa, Esq. as Counsel to Plaintiff & Granting Related Relief* dated June 21, 2021 (the "**Veronica 2021 Certification**")[9] (16-01682, ECF No. 175, Exhibit 2.)

On July 3, 2025, Attorney Shapiro filed the *Supplemental Letter Brief in Support of Motions and Request to Seal* ("**Defendant's July 3 Letter**") (16-01682, ECF No. 176; 17-1047 ECF No. 158).

On July 7, 2025 Attorney Gonzalez filed the *Response to Shapiro Brief* ("**Plaintiffs' July 7 Response**") in the Davila Adversary (16-01682, ECF No. 177).

---

[8] Plaintiffs' July 1 Supplement contained content previously placed under seal and a Text Order was entered on the Davila Adversary Docket on July 21, 2025, as follows:

Text Order: ECF No. 175 contains copies of ECF No.124 which was previously sealed as of October 28, 2021, by the Honorable Rosemary Gambardella (Ret.) and remains sealed. Therefore, ECF No. 175 is also sealed.

[9] ECF No. 175 appears only to have been filed in the Davila Adversary.

*Santiago Davila v. Kley F. Peralta, Sr. et. al.* Adv. Pro. 16-1682
*Rodriguez et al v. Peralta, Sr. et. al.* Adv. Pro. 17-01047

Page 10 of 36

### G.    Factual Assertions Relevant to the Motions to Disqualify

The parties have been litigating in the State Court, defined *infra*, and the Bankruptcy Court on various matters for many years. The filings in the Adversaries, including related to the Motions to Disqualify, are voluminous. The Court's recitation of the procedural and factual background and allegations herein addresses only the most pertinent factors related to the Motions to Disqualify.

### Tomas and Veronica Espinosa

Tomas Espinosa, who originally represented Plaintiff Davila and the Rodriguez Plaintiffs (collectively, the "**Plaintiffs**") in the Adversaries and who was suspended from the practice of law starting August 21, 2024, has been married to Veronica since 2002 (16-1682, ECF Nos. 175, Exhibit 2 at ¶4).

Veronica was employed by Tomas Espinosa from February of 2004 through August 31, 2024 (16-1682, ECF No. 175, at ¶4). Veronica served as the "paralegal, assistant, and bookkeeper of the law office of Tomas Espinosa, Esq." *Id*.

### The Davila Bankruptcies

Plaintiff Davila and his spouse filed their own bankruptcies in the District of New Jersey. The details of these bankruptcies are not particularly relevant to the Motions to Disqualify (with the possible exception of the Defendant's references to the Short Sale described below) and, therefore, are covered here only briefly.

Plaintiff Davila, through his counsel Kopelman & Kopelman LLP, filed a voluntary Chapter 7 Petition in the Bankruptcy Court on October 23, 2009 styled *In re Santiago H. Davila,*

*Santiago Davila v. Kley F. Peralta, Sr. et. al.* Adv. Pro. 16-1682
*Rodriguez et al v. Peralta, Sr. et. al.* Adv. Pro. 17-01047

Page 11 of 36

Case No.09-38277-MS (the "**2009 Santiago Davila Bankruptcy**") and Plaintiff Davila received a discharge on March 30, 2010.

Plaintiff Davila's spouse, Nancy ("**Nancy Davila**"), through counsel Tomas Espinosa, filed a voluntary Chapter 7 Petition in the Bankruptcy Court on August 19, 2015 styled *In re Nancy Davila*, Case No. 15-25709 (the "**2015 Nancy Davila Bankruptcy**"). Nancy Davila received a discharge on December 4, 2014.

Plaintiff Davila, through his counsel Tomas Espinosa, filed a voluntary Chapter 13 Petition on April 23, 2019 in the Bankruptcy Court styled *In re Santiago H. Davila*, Case No. 19-18210 VFP (the "**2019 Santiago Davila Bankruptcy**") which was dismissed on August 6, 2020.

### The Corbani Case and State Court Disqualification of Attorney Gonzalez

Much has been said by Attorney Shapiro and Attorney Gonzalez regarding a pending case in the Superior Court of New Jersey, Passaic County (the "**State Court**") styled *Enrique S. Corbani et al. v. 281 M.C. Corporation, Inc. et al.*, Case No. PAS-L-001056-19 (the "**Corbani Case**"). This matter is unrelated to the Adversaries but involves some of the same parties and/or their counsel. The Defendant has focused this Court's attention on the Corbani Case in support of the Motions to Disqualify because Mr. Shapiro successfully disqualified Attorney Gonzalez in the Corbani Case. Attorney Gonzalez has attempted to overturn the decision disqualifying her in the Corbani Case in the months following the filing of the Motions to Disqualify. Attorney Gonzalez has submitted exhibits to this Court from the Corbani Case, in which she disputed her disqualification. The relevant facts from the Corbani Case are as follows:

*Santiago Davila v. Kley F. Peralta, Sr. et. al.* Adv. Pro. 16-1682
*Rodriguez et al v. Peralta, Sr. et. al.*  Adv. Pro. 17-01047

Page 12 of 36

Attorney Gonzalez appeared on behalf of Veronica (as a non-party witness) in the Corbani

Case and later appeared on behalf of the plaintiff in the Corbani Case (16-1682, ECF No. 174,

Exhibit A, p. 1; 17-1047, ECF No. 157, Exhibit A, p. 1).

On November 4, 2024, the Honorable William E. Marsala, Judge of the Superior Court of

New Jersey, Passaic County, Law Division ("**Judge Marsala**"), entered the *Order Disqualifying*

*Maria Ines Gonzalez, Esq. as Counsel to the Plaintiffs* (the **"Superior Court Disqualification**

**Order"**) (16-1682, ECF 158-2, Exhibit E, pp. 294-96; 17-1047, ECF No. 142-2 Exhibit E pp. 185-

187).  The Superior Court Disqualification Order stated:

> It is patently unethical for a lawyer to represent an individual whose interests are
> adverse to another party whom the lawyer represents in other matters, even if the
> two representations are not related. *In re Brady*, 110 N.J. 217.

Attorney Gonzalez filed an order to show cause in the Corbani Case seeking

reconsideration of the Superior Court Disqualification Order. (ECF No. 174, Exhibit A).  On

February 10, 2025, Judge Marsala entered a *Memorandum Decision* denying the relief (the

"**Superior Court Reconsideration Denial**") (16-1682, ECF No. 174, ¶¶4-5, Exhibit A; 17-1047,

ECF No. 157, Exhibit A).

Judge Marsala stated in the Superior Court Reconsideration Denial that "Plaintiff's counsel

Maria Ines Gonzalez represents the Plaintiff and represented a non-party witness, Veronica

Espinosa (who appeared for a deposition in this case has an adverse interest to the Plaintiff)" and

Judge Marsala recounted the following findings in the Superior Court Reconsideration Denial:

> On October 11, 2024, this Court held oral argument regarding the motion to
> disqualify. During the proceedings, this Court made the determination that (1)
> Veronica Espinosa is a non-party witness in this case, (2) Ms. Espinosa was
> compelled for deposition in this case (Order to Compel Deposition (Trans. ID:
> LCV20202238740)), (3) Ms. Espinosa gave deposition testimony, (4) Maria Ines

*Santiago Davila v. Kley F. Peralta, Sr. et. al.* Adv. Pro. 16-1682
*Rodriguez et al v. Peralta, Sr. et. al.*  Adv. Pro. 17-01047

Page 13 of 36

>    Gonzalez was Ms. Espinosa's attorney at the deposition (Motion to Disqualify, Exhibit D, Page 6: 2-22), (5) Maria Ines Gonzales submitted paperwork on behalf of Veronica Espinosa (Reply Brief (Trans. ID: LCV2021 1 4309)), and (6) Ms. Espinosa may be subject to subpoena during the pendency of this case.

(16-1682, ECF No. 174, Exhibit A, p.1-2; 17-1047, ECF No. 157, Exhibit A, p. 1-2).

Judge Marsala cited the following standard in the Superior Court Reconsideration Denial

>    As stated in *Dewey v. R. J. Reynolds Tobacco Co*., a motion to disqualify requires this Court to balance "'the need to maintain the highest standards of the [legal] profession` against a client`s right to freely choose his counsel.'" *Dewey v. R. J. Reynolds Tobacco Co*.  109 N. J. 201, 205 (1988 )(citing *Gov't of India v. Cook Indus.  Inc*., 569 F. 2d 737, 739 (2d Cir. 1978 )); see also *Comando v. Nugiel,* 436 N. J. Super. 203 (App. Div. 2014).

>    RPC 1 . 7 is the general rule governing the conflicts of interest. RPC 1 .7 states:
>    (a)                Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if

>    (1)                The representation of one client will be directly adverse to another client; or
>    (2)                There is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by a personal interest of the lawyer.

>    "RPC 1 . 7 is rooted in the concept that "[n]o man can serve two masters," and it has been suggested that employment should be declined if there is a question whether the representation will create an adversity of interest between two clients. Raymond L. Wise, Legal Ethics 272-73 (1970).

>    In *McDaniel v Man Wai Lee*,  the court said "when [jointly represented parties'] interests become adverse, counsel is required to completely withdraw from the representation of each client. *McDaniel v. Man Wai Lee,* 419 N. J. Super. 482, 497 (App. Div. 2011). *In DeBolt v. Parker*, "[w]hen an attorney represents potentially and foreseeably adverse interest, . . . and the adversity becomes actual, counsel must withdraw from any representation of both parties. *DeBolt v. Parker,* 234 N. J. Super. 471,484 (Law Div. 1998 ). In sum, a lawyer will be precluded from representing multiple parties in a case with adverse interests.

(16-1682, ECF No. 174, Exhibit A, pp. 3-417-1047, ECF No. 157, Exhibit A, pp. 3-4).

*Santiago Davila v. Kley F. Peralta, Sr. et. al.* Adv. Pro. 16-1682
*Rodriguez et al v. Peralta, Sr. et. al.* Adv. Pro. 17-01047

Page 14 of 36

Judge Marsala denied the motion to vacate or reconsider the Superior Court

Disqualification Order finding the following, in pertinent part:

> As determined by this Court at oral argument, Maria Inez Gonzalez is representing
> or represented a non-party witness whose interests have "significant risk that the
> representation of one or more clients will be materially limited" due to Veronica's
> involvement in the underlying case and transaction.

(16-1682, ECF No. 174, Exhibit A, p.4; 17-1047, ECF No. 157, Exhibit A, p.4).

On March 2, 2025, Attorney Gonzalez filed a motion for leave to file an interlocutory

appeal of the Superior Court Reconsideration Denial with the New Jersey Superior Court,

Appellate Division (the "**Appellate Division**"), Docket No. AM-000326-24 (the "**Motion for**

**Leave to Appeal**") (16-1682, ECF No. 174, ¶6; 17-1047, ECF No. 157, ¶6). The Motion for

Leave to Appeal was opposed by the defendants in the Corbani Case, through their counsel

Attorney Shapiro and the Middlebrooks Firm (16-1682, ECF No. 174, ¶7;17-1047, ECF No. 157,

¶7).

The Appellate Division, on March 27, 2025, entered an Order denying Attorney Gonzalez's

Motion for Leave to Appeal (the "**NJ Appellate Division Denial**") (16-1682, ECF No. 174, ¶8,

Exhibit B;17-1047, ECF No. 157, ¶8, Exhibit B). Attorney Gonzalez filed a Motion for

Reconsideration of the NJ Appellate Division Denial which motion the Appellate Division denied

on April 14, 2025 (the "**Order Denying Motion for Reconsideration**" and with the NJ Appellate

Division Denial, the "**Appellate Denials**") (16-1682, ECF No. 174, ¶¶9-11, Exhibit C; 17-1047,

ECF No. 157, ¶¶9-11, Exhibit C).

*Santiago Davila v. Kley F. Peralta, Sr. et. al.* Adv. Pro. 16-1682
*Rodriguez et al v. Peralta, Sr. et. al.* Adv. Pro. 17-01047

Page 15 of 36

Attorney Gonzalez indicated in Plaintiffs' April Supplement that she was considering seeking certification from the New Jersey Supreme Court (16-1682, ECF No. 170, p.2; 17-1047, ECF No. 154, p.2).

## III     SUMMARY OF ARGUMENTS

### A.  The Davila Motion to Disqualify

Defendant asserts that Attorney Gonzalez has an actual and apparent conflict of interest in the Davila Adversary.  The factors that Defendant asserts support such actual and apparent conflict can be divided into the following categories: 1) the Relationship between Tomas Espinosa and Veronica; 2) the Relationship between Tomas Espinosa, Plaintiff Davila and Nancy Davila (the "**Davilas**"); 3) Veronica's Business Relationships with Plaintiff Davila and Nancy Davila; and 4) Attorney Gonzalez's Representation of Veronica:

### <u>Relationship between Tomas Espinosa and Veronica</u>

- Tomas Espinosa and Veronica were married in 2002 (ECF 158-1, p. 4 ).

- Veronica started working as a paralegal in the law firm of Tomas Espinosa in 2002 (ECF 158-1, p. 4).[10]

- Tomas Espinosa has represented Veronica in legal matters including in relation to a closing on real property in Newark, New Jersey (ECF 158-1, p. 4).

---

[10] In the Veronica Certification, Veronica states she started working for Tomas Espinosa in 2004 (16-1682, ECF No. 175,¶4).

*Santiago Davila v. Kley F. Peralta, Sr. et. al.* Adv. Pro. 16-1682
*Rodriguez et al v. Peralta, Sr. et. al.* Adv. Pro. 17-01047

Page 16 of 36

### Relationship between Tomas Espinosa, Plaintiff Davila and Nancy Davila

- Tomas Espinosa, prior to his suspension, represented Plaintiff Davila and Nancy Davila for many years (ECF 158-1, p. 4). [See also the 2015 Nancy Davila Bankruptcy and the 2019 Santiago Davila Bankruptcy].

- Tomas Espinosa notarized Plaintiff Davila and Nancy Davila's execution of a mortgage on their real property at 185 Winfield Avenue, Jersey City, New Jersey 07035 (the "**Property**") on November 21, 2023 (ECF 158-1, p. 5).

- Plaintiff Davila and Nancy Davila retained Tomas Espinosa to represent them in the refinance of their Property (ECF 158-1, p. 5).

- A foreclosure action was commenced by CitiMortgage as to the Property on June 19, 2009 and later that year, Plaintiff Davila filed his 2009 Ch. 7 bankruptcy on October 23, 2009 (ECF 158-1, p. 5).

- A final judgment was entered in favor of CitiMortgage on December 28, 2014, and various sheriff's sales were scheduled (ECF 158-1, p. 5).

- On April 1, 2014, Tomas Espinosa filed a lawsuit on behalf of Plaintiff Davila in Hudson County against Defendant (Plaintiff Davila's former business partner), styled *Santiago Davila v. Kley Peralta*, HUD-L-01459-14 (the "**2014 Hudson County Action**") (ECF 158-1, p. 5). The 2014 Hudson County Action was stayed upon the filing of the Bankruptcy Case (ECF 158-1, p. 6).

### Veronica's Business Relationships with Plaintiff Davila and Nancy Davila

- Veronica [who is not an attorney] has testified she has an "attorney-client relationship" with Plaintiff Davila (16-1682, ECF 158-1, p. 1).

*Santiago Davila v. Kley F. Peralta, Sr. et. al.* Adv. Pro. 16-1682
*Rodriguez et al v. Peralta, Sr. et. al.* Adv. Pro. 17-01047

Page 17 of 36

- Veronica has engaged in business dealings with Nancy Davila including a written contract with Plaintiff and Nancy in May or June of 2015 whereby Veronica would purchase a house through a short sale to avoid a pending foreclosure proceedings (the "**Short Sale**") (16-1682, ECF 158-1, p. 6).

- Veronica offered to purchase the house for far less than the amount owed as set forth in the proof of claim filed by CitiMortgage in the 2019 Santiago Davila Bankruptcy (16-1682, ECF 158-1, pp. 5-6).

- Veronica was working as a paralegal for Tomas Espinosa at the time of the 2015 Nancy Davila Bankruptcy (16-1682, ECF 158-1, p. 7).

- Tomas Espinosa disclosed to the Bankruptcy Court in the 2015 Nancy Davila Bankruptcy that the Property was listed for a short sale but did not disclose that the proposed purchaser in the short sale was Veronica or that his negotiations on behalf of Nancy Davila with CitiMortgage as to the Property would benefit Veronica (16-1682, ECF 158-1, pp. 7-8).

- When CitiMortgage moved for relief from the automatic stay in the Nancy Davila Bankruptcy, Tomas Espinosa filed opposition without disclosing that Veronica was still negotiating the Short Sale on the Property (16-1682, ECF 158-1, p. 8).[11]

**<u>Attorney Gonzalez's Representation of Veronica</u>**

- Attorney Gonzalez represents Veronica in legal matters including in the Corbani Case in the State Court where Veronica has been called as a witness (16-1682, ECF 158-1, p. 1).

---

[11] The electronic docket in the 2015 Nancy Davila Bankruptcy indicates that the CitiMortgage motion was subsequently withdrawn and the case was closed. See 15-25709-SLM, ECF Nos. 16-17.

*Santiago Davila v. Kley F. Peralta, Sr. et. al.* Adv. Pro. 16-1682
*Rodriguez et al v. Peralta, Sr. et. al.* Adv. Pro. 17-01047

Page 18 of 36

- Attorney Gonzalez filed a notice of appearance on behalf of Veronica on December 17, 2020 in the Corbani Case and represented Veronica in motion practice and discovery (16-1682, ECF 158-1, p. 9). Veronica was ultimately a witness and deposed in that action (16-1682, ECF 158-1, p. 9).

- During questioning of Veronica by Attorney Shapiro in the Corbani Case, Tomas Espinosa and Attorney Gonzalez were in attendance and Attorney Gonzalez effectively directed Veronica to not answer questions regarding the Short Sale by interrupting and asserting the questions were irrelevant (16-1682, ECF 158-1, p. 10). Tomas Espinosa asserted an attorney-client privilege regarding the knowledge of his employee [Veronica] and the representation of Nancy Davila by his office (16-1682, ECF 158-1, pp. 10-11).

- Defendant asserts that Attorney Gonzalez's representation of Veronica in the Corbani Case was grounds for the State Court disqualifying Attorney Gonzalez from also representing the plaintiffs in the Corbani Case and similarly, Attorney Gonzalez should be disqualified from representing the Plaintiffs here based on her representation of Veronica.

- Specifically, Defendant asserts:
  - Attorney Gonzalez currently represents Veronica.
  - Veronica had a business relationship with Plaintiff Davila and Nancy Davila related to the proposed Short Sale on the Davilas' Property around the time Veronica's husband and employer (Tomas Espinosa) was Bankruptcy counsel to Nancy Davila.
  - Circumstances regarding Veronica's involvement in the Short Sale were not disclosed to the Court.
  - The Defendant plans to call Veronica as a witness at trial in this proceeding to testify on this and other relevant issues.

- Attorney Shapiro points out a discrepancy in Veronica's certifications, in particular Attorney Shapiro states the following in Defendant's July 3 Letter:

*Santiago Davila v. Kley F. Peralta, Sr. et. al.* Adv. Pro. 16-1682
*Rodriguez et al v. Peralta, Sr. et. al.* Adv. Pro. 17-01047

Page 19 of 36

On July 1, 2025, Gonzalez filed a document entitled "Veronica A. Espinosa's Certification and Waiver of any Conflict" dated June 19, 2025 (the "2025 Certification"). In the 2005 Certification, Veronica certifies that she "incorporate[s] by reference [her] prior certification dated June 21, 2021 (Exhibit #2 to Mr. Espinosa's Certification in the motion to disqualify) filed in the present case" (the "2021 Certification").

As outlined above, the 2021 Certification was sealed by Judge Gambardella as it contained the Sealed Papers, which have again been docketed with this Court by Gonzalez on behalf of Veronica. In the 2021 Certification, Veronica certified in pertinent part: "Maria Ines Gonzalez, Esq. [has] represented me in at least 5 contracts to purchase real estate properties"
  …

Further, in the 2025 Certification, Veronica certified in pertinent part: "I previously retained Ms. Gonzalez solely to file a motion to vacate a deposition order in Corbani et al. v. Kley F. Peralta, Sr. et al (Docket No.. PAS-L-001056-19)."

(16-1682, ECF No. 176, pp. 2-3).

## Defendant's Legal Arguments

Defendant argues that a "motion to disqualify counsel requires this Court to balance 'the need to maintain the highest standards of the [legal] profession' against 'a client's right to freely choose his counsel.'" (ECF 158-1, p. 15)(citing *Dewey v. R.J. Reynolds Tobacco Co.*, 109 N.J. 201, 218 (1988); *see also Comando v. Nugiel*, 436 N.J. Super. 203, 213 (App. Div. 2014)).

Defendant also cites the State Court Disqualification Order in the Corbani Case which cited *In re Brady*, 110 N.J. 217, 228, 540 A.2d 511, 516-17 (1988).   Defendant argues, as set forth in *Brady*:

It is patently unethical for a lawyer in a legal proceeding to represent an individual whose interests are adverse to another party whom the lawyer represents in other matters, even if the two representations are not related. *Gray v. Commercial Union Ins.*, Co., 191 N.J. Super. 590, 598 (App.Div.1983); *see International Business Machines Corp. v. Levin*, 579 F.2d 271 (3d Cir.1978). A lawyer may not represent the adversary of one of his present clients. *Gray v. Commercial Union Ins. Co.*, *supra*, 191 N.J. Super. 590; *see In re Cipriano*, 68 N.J. 398 (1975). [Id. at 607-08.]

*Santiago Davila v. Kley F. Peralta, Sr. et. al.* Adv. Pro. 16-1682
*Rodriguez et al v. Peralta, Sr. et. al.*  Adv. Pro. 17-01047

Page 20 of 36

*In re Brady*, 110 N.J. 217, 228, 540 A.2d 511, 516-17 (1988) (citing *In re Garber,* 95 *N.J.* 597,

472 *A.*2d566 (1984)) (16-1682,_ECF No. 158-1, p. 15).

      Defendant asserts that Attorney Gonzalez's simultaneous representation of Plaintiffs and

Veronica, in the Adversaries and in the Corbani Action, respectively, is "an actual and apparent

conflict of interest" and raises  "a significant risk that representation of one or more of these clients

will be materially limited by [Attorney Gonzalez's] responsibilities to another client, a former

client …." (16-1682, ECF 158-1, p. 16) (citing RPC 1.7(a)).  Defendant further cites RPC 1.7(a),

to argue "a lawyer shall not represent a client if the representation involves a concurrent conflict

of interest."  *Id*.  Further, RPC 1.7 sets forth "the fundamental understanding that an attorney will

give 'complete and undivided loyalty to the client' [and] 'should be able to advise the client in

such a way as to protect the client's interests, utilizing his professional training, ability and

judgment to the utmost.'" (16-1682, ECF 158-1, p. 16) (citing RPC 1.7(a), *In re S.G.*, 175 N.J.

132, 139 (2003)).

      Debtor asserts there is even greater cause for disqualifying Attorney Gonzalez in the Davila

Adversary than in the Corbani Case, where she was in fact disqualified, as discussed *supra*. (16-

1682, ECF No. 158-1, p. 16).

## B.  The Rodriguez Motion to Disqualify

      The Rodriguez Motion to Disqualify is substantially similar to the Davila Motion to

Disqualify.  Only the distinguishing factors will be listed here. The  most notable difference is that

there are no allegations in the Rodriguez Motion to Disqualify regarding Veronica and any

business or personal dealings with the Rodriguez Plaintiffs.   (17-1047, ECF No. 142-1).

*Santiago Davila v. Kley F. Peralta, Sr. et. al.* Adv. Pro. 16-1682
*Rodriguez et al v. Peralta, Sr. et. al.*  Adv. Pro. 17-01047

Page 21 of 36

Additionally, Defendant alleges that Tomas Espinosa had represented the Rodriguez Plaintiffs in state court actions in Hudson County but withdrew as counsel citing a breach of obligations by the Rodriguez Plaintiffs (17-1047, ECF No. 142-1, pp. 2, 9-10).  Specifically, Defendant alleges that on November 24, 2021, Tomas Espinosa moved to be relieved as counsel in the following, now dismissed, cases: HUD-L-003016-20, *Francisca B. Rodriguez v. Kley Peralta Realty Co., Inc., et al.* and HUD-L-003017-20, *Niove Fermin v. Kley Peralta Realty Co., Inc., et al.* (the "**Rodriguez Hudson County Actions**").

Defendant asserts that since Veronica was working for Tomas Espinosa at the time when Tomas Espinosa withdrew as counsel from the Rodriguez Hudson County Actions based on a dispute regarding failure to meet obligations under the retainer agreements for those cases, there is a conflict between the Rodriguez Plaintiffs and Veronica that supports disqualification of Attorney Gonzalez (17-1047, ECF No. 142-1, pp. 10-11, Exhibits C, D).

**Defendant's Legal Argument**

In addition to the authorities cited in support of the Davila Motion to Disqualify, Defendant asserts:

> Even if there is no technical violation of RPCs 1.7 through 1.9, "[i]t is patently unethical for a lawyer in a legal proceeding to represent an individual whose interests are adverse to another party whom the lawyer represents in other matters, even if the two representations are not related." In re Garber, 95 N.J. 597, 607, 472 A.2d 566 (1984). A critical element of an attorney's representation is the obligation to the client of "complete and undivided loyalty." *In re Dolan*, 76 N.J. 1, 9, 384 A.2d 1076 (1978)

(17-1047, ECF No. 142-1, p. 12). (citing *State v. Siligato*, No. A-0603-06T1, 2009 N.J. Super. Unpub. LEXIS 2357, at *36 [2009 WL 2777989, at * 14] (Super. Ct. App. Div. Sep. 3, 2009). *Id.*

*Santiago Davila v. Kley F. Peralta, Sr. et. al.* Adv. Pro. 16-1682
*Rodriguez et al v. Peralta, Sr. et. al.* Adv. Pro. 17-01047

Page 22 of 36

Defendant asserts that Attorney Gonzalez has violated RPC 1.7 and RPC 1.9 based on her simultaneous representation of Veronica in the Corbani Case and the Rodriguez Plaintiffs (17-1047, ECF No. 142-1, p. 14).

## C. Attorney Gonzalez's Opposition to the Motions to Disqualify

Attorney Gonzalez makes the following assertions in the Letter Brief filed as part of the January 5 Opposition:

- I hereby affirm that I have never represented Santiago Davila, nor his wife, Nancy Davila, nor Francisca B. Rodriguez or Niove Fermin, the plaintiffs in the present adversary proceedings.
- I have never represented Kley F. Peralta, Sr. nor his co-debtor Carmen Peralta.
- I have never represented any of the defendants in cases that were at any time in the Superior Court or are the defendants in those cases.
- With the exception of the Corbanis' case as outlined above, and until I accepted representation in the present bankruptcy case and the adversary proceedings herein, I have played no role in these matters or in any related cases in the State courts, whether pending or not.
- In the adversary proceedings involving Francisca B. Rodriguez and Niove Fermin, no transaction of any kind was made at any time by the law office of Tomas Espinosa, nor has there ever been any involvement by the law firm, its personnel, or myself in any property or transaction that could be construed as creating any adversarial relationship with the plaintiffs, or between them and Veronica or myself. There is no basis for my disqualification in the adversary proceedings brought by Rodriguez and Fermin against the debtor.
- None of the grounds cited by Mr. Shapiro, on behalf of his clients, for attempting to disqualify Mr. Espinosa are applicable to my situation, as these grounds were not present in the State case involving Rodriguez and Fermin. There was no attempt to purchase any property between the plaintiffs and Veronica. I have never represented anyone in relation to their claims in the state court or in the adversary proceedings involving Rodriguez or Fermin, nor have I represented any of the proposed or named individuals who may be brought forward as witnesses. Furthermore, there is no adverse interest between Veronica and the plaintiffs, as Veronica has not played any role in the cases involving Rodriguez or Fermin.

(16-1682, ECF No. 161, p. 4-5; 17-1047, ECF No. 145 p. 4-5).

Attorney Gonzalez further asserts the following:

*Santiago Davila v. Kley F. Peralta, Sr. et. al.* Adv. Pro. 16-1682
*Rodriguez et al v. Peralta, Sr. et. al.* Adv. Pro. 17-01047

Page 23 of 36

- Additionally, there is no situation where my loyalty to Veronica Espinosa would in any way diminish my loyalty to Mr. Davila. Mr. Davila does not have, nor has he ever had, any claim against Veronica, and Veronica has never had any claim against Mr. Davila. Furthermore, as shown in Attachment 1 to this letter, the defendant debtor lacks standing to bring the present motion. Veronica had no involvement in the subject matter that led to Mr. Davila's adversary proceedings against the debtor.
- The lack of conflict in my representation of Mr. Davila in his adversary proceedings stems from the fact that I have never represented Mr. Davila, his wife, or any member of his family. Additionally, Mrs. Espinosa is neither a witness to any of the transactions involved in the adversary proceeding nor has there ever been any adverse interest between Mr. Davila and Mrs. Espinosa, or between her and Mr. Davila and his wife.

(16-1682, ECF No. 161, p. 19-20 17-1047, ECF No. 145 p. 19-20).

In Plaintiffs' April Supplement, Attorney Gonzalez further certifies (in the form of a letter

brief that she asks to be treated as a certification), among other things, the following:

- I have no[t] represented the plaintiffs of the present case before you, in any cases other than the present court cases, ever in any court, in any capacity. I have no conflict of interest neither of any kind in the representation of Mr. Davila in respect to Mr. Peralta, nor in the representation of Ms. Rodriguez and Ms. Fermin in respect to Mr. Peralta. I have never represented Mr. Peralta.
- All the claims of Davila against Peralta were prior to his representation by Mr. Espinosa Law firm of Mr. Davila's interest were for matters that arose between the parties before the filing of the bankruptcy by Mr. Peralta seeking to avoid the ongoing trial in the Superior Court of New Jersey Hudson county that apparently was going very bad for him. There cannot be any such claims and there are none In the Matter of Rodriguez et al.
- There is no adverseness between I and my clients neither under RPC 1.7 nor 1.9, furthermore, neither under RPC 1.8 since, I never have engaged in any business transaction with Mr. Davila.

(16-1682, ECF No. 170, pp. 2-3; 17-1047, ECF 154 pp. 2-3).

In the Veronica Certification, dated June 19, 2025, and attached to Plaintiffs' July 1

Supplement, which appears to have been filed only in the Davila Adversary, Veronica certifies the

following, in pertinent part:

*Santiago Davila v. Kley F. Peralta, Sr. et. al.* Adv. Pro. 16-1682
*Rodriguez et al v. Peralta, Sr. et. al.*  Adv. Pro. 17-01047

Page 24 of 36

- I am not a factual witness to any events, claims, or allegations in the plaintiff's case against the defendant. My involvement in any related matters has been limited and does not pertain to the merits of this action.
- I previously retained Ms. Gonzalez solely to file a motion to vacate a deposition order in *Corbani et al. v. Kley F. Peralta, Sr. et al* (Docket No. PAS-L-001056-19).
- The deposition sought by defendant's counsel, Mr. Shapiro, pertained to an intra-family transfer Deed dated June 27, 2018, executed by Javier Corbani and Tinishia Adams in favor of Enrique, Mirtha, and Javier Corbani.
  - At the time, I was employed by Tomas Espinosa, Esq.'s law firm (February 2004 – August 31, 2024) and witnessed the signing of the deed, which the Corbanis later recorded.
  - The property had been purchased by Tinisha and Javier Corbani on June 30, 2005—thirteen years prior to the transfer.
- My deposition, attended by Ms. Gonzalez, contained no testimony adverse to Santiago Davila, nor has he ever asserted claims against me.
- I have no claims against the plaintiff Santiago Davila, and there is no adverseness between us, past, present, or future.
- I waive any actual or potential conflict of interest, whether alleged or imagined, regarding Ms. Gonzalez's prior representation of me and her current representation of the plaintiff.
- Her prior role was narrow in scope (motion to vacate) and unrelated to this case. I see no material limitation in her ability to represent the plaintiff.
- I decline independent counsel, as I am aware of Mr. Shapiro's pattern of seeking disqualification of opposing counsel (first Mr. Espinosa, now Ms. Gonzalez).
- While Ms. Gonzalez need not assert privilege on my behalf, I reserve my right to do so regarding:
  - Communications between the plaintiff and Mr. Espinosa's office;
  - My communications with Ms. Gonzalez during her limited representation of me;
  - Any privileged discussions in my capacity as a paralegal at Mr. Espinosa's firm.

(16-1682, ECF No. 175, pp. 1-3).

Veronica incorporates into the Veronica Certification, the Veronica 2021 Certification, which she submitted in the Davila Adversary in 2021 related to the Espinosa Disqualification motion. (16-1682, ECF No. 175, pp. 1, Exhibit 2).

*Santiago Davila v. Kley F. Peralta, Sr. et. al.* Adv. Pro. 16-1682
*Rodriguez et al v. Peralta, Sr. et. al.* Adv. Pro. 17-01047

Page 25 of 36

Plaintiff Santiago Davila also submitted a certification (the "**Plaintiff Davila Certification**"),

dated June 26, 2025 and which is attached to Plaintiffs' July 1 Supplement. Plaintiff Davila certifies

the following, in pertinent part:

- The issues and claims by me in the adversary proceedings stem from facts and events for which Veronica Espinosa was not involved as a fact witness. …Nothing in this present case has to do with matters posterior to the filing of chapter 7 but on matters that transpired before the initiation of the state case. There was no involvement of Veronica Espinosa as a fact witness in matters that are the subject of the adversary proceeding. She is not a witness to any fact, claim, events or allegations in the present case.
- 1 have no claims against Veronica Espinosa, and she does not have any claims against me. She is not a party in the present action nor a witness.
- Neither my deposition in any case nor the deposition of Veronica Espinosa in the case where she was represented by my present Attorney Maria Ines Gonzalez contained any adverse testimony to me. Veronica Espinosa was or is neither a witness in my case before the present court nor was a witness in the state court case from which the defendant sought refuge by filing chapter 7 petition.
- In sum there are no claims or interest adverse between Veronica Espinosa and I either in the past, present or future. Nothing in the prior representation of maria Ines Gonzalez Esq., of Veronica Espinosa poses any limitation in her representation of my case, simply because there is no adverse interest between us that has been, presently is or could possible be in the future a limitation in her giving her full commitment to my case.
- Although no[t] necessary because the nonexistence of any adverse interest between Veronica Espinosa and I, I waive any actual or potential conflict of interest whether alleged or imagined, regarding Ms. Gonzalez prior representation of Mrs. Espinosa and her present representation of me.

(16-1682, ECF No. 175-2, pp. 1-3).

## IV     ANALYSIS

### A.  Standing

As an initial matter, the Court will address the jurisdictional issue of standing, raised briefly

by Attorney Gonzalez. In considering a motion to disqualify counsel, the Third Circuit Court of

Appeals declined to rule on the issue of standing, and assumed, without deciding that defendants

*Santiago Davila v. Kley F. Peralta, Sr. et. al.* Adv. Pro. 16-1682
*Rodriguez et al v. Peralta, Sr. et. al.* Adv. Pro. 17-01047

Page 26 of 36

had standing to raise disqualification issues. *In re Pressman-Gutman Co., Inc.,* 459 F.3d 383, 402

n.20 (3rd Cir. 2006) (finding "several courts of appeals have jettisoned rigid standing rules to allow

opposing counsel to move for disqualification even though the movant does not represent the

aggrieved client, ... a conclusion that is contemplated by both the American Bar Association's

Model Rules of Professional Conduct…and the Pennsylvania Rules of Professional Conduct.")

(internal citations omitted).

Similarly, this Court declines to rule on the issue of standing and assumes the Defendant

has standing to raise disqualification issues and, therefore, will adjudicate the Motions to

Disqualify.

### B. Standard for Disqualification of Counsel

The District Court for the District of New Jersey described the standard for examining a

motion to disqualify counsel as follows:

> Because disqualification of counsel during pending litigation is an extreme
> measure, courts must closely scrutinize the facts of each case to avoid injustice. The
> court must balance the hardships to the client whose lawyer is sought to be
> disqualified against the potential harm to the adversary should the attorney be
> permitted to proceed. The court balances the competing interests of the "need to
> maintain the highest standards of the profession" against "a client's right freely to
> choose his counsel." …[C]ourts in New Jersey recognize that "a person's right to
> retain counsel of his or her choice is limited in that 'there is no right to demand to
> be represented by an attorney disqualified because of an ethical requirement.' "
> "Although doubts are to be resolved in favor of disqualification, the party seeking
> disqualification must carry a 'heavy burden' and must meet a 'high standard of
> proof' before a lawyer is disqualified."

*In re Cendant Corp. Sec. Litig.*, 124 F. Supp. 2d 235, 249 (D.N.J. 2000) (internal citations omitted).

In *Jackson v. Rohm & Haas Co.,* the Third Circuit Court of Appeals made clear that

disqualification of counsel is an "extreme remedy":

*Santiago Davila v. Kley F. Peralta, Sr. et. al.* Adv. Pro. 16-1682
*Rodriguez et al v. Peralta, Sr. et. al.*  Adv. Pro. 17-01047

Page 27 of 36

> We have held that a court may disqualify an attorney only when "disqualification
> is an appropriate means of enforcing the applicable disciplinary rule[,]" keeping in
> mind "any countervailing policies, such as permitting a litigant to retain the counsel
> of his choice and enabling attorneys to practice without excessive restrictions."
> Here, [the movant's] conclusory allegations, which are not backed by evidence, do
> not     warrant     the     extreme     remedy     of     attorney     disqualification.

*Jackson v. Rohm & Haas Co., 366 F. App'x 342, 347 (3d Cir. 2010*) (internal citation omitted).

The decision to disqualify counsel turns on the facts of the case. *Bos. Sci. Corp. v. Johnson & Johnson Inc.*, 647 F. Supp. 2d 369, 374 n.7 (D. Del. 2009) (holding "[i]n the Third Circuit, and under this court's precedent, whether disqualification  is appropriate depends on the facts of the case and is never automatic.")

Therefore, courts have approached motions to disqualify with "'cautious scrutiny,' mindful of a litigant's right to the counsel of its choice." *Regalo Int'l, LLC v. Munchkin, Inc.*, 211 F. Supp. 3d 682, 687 (D. Del. 2016).

Further:

> "Because of the potential for abuse by opposing counsel, 'disqualification motions
> should be subjected to particularly strict scrutiny.'" "A party's right to select its
> own counsel is an important public right and a vital freedom that should be
> preserved; the extreme measure of disqualifying a party's counsel of choice should
> be imposed only when absolutely necessary."

*Macheca Transp. Co. v. Philadelphia Indem. Co*., 463 F.3d 827, 833 (8th Cir. 2006) (internal citations omitted).

As noted earlier, these are not the first motions to disqualify counsel in these Adversaries as both sides have attempted to disqualify the opposing party's counsel.  Given the history of litigiousness of the parties in the Adversaries (and in various state court proceedings) the Court is

*Santiago Davila v. Kley F. Peralta, Sr. et. al.* Adv. Pro. 16-1682
*Rodriguez et al v. Peralta, Sr. et. al.*  Adv. Pro. 17-01047

Page 28 of 36

particularly mindful of a party's right to select counsel and "the potential for abuse" in motions to

disqualify counsel.  See *Macheca Transp. Co. v. Philadelphia Indem. Co.*, 463 F.3d 827, 833 (8th

Cir. 2006).

The Motions to Disqualify do not include any allegations that Attorney Gonzalez

personally has any actual or apparent conflict.  Instead, the Motions to Disqualify are entirely

based on Attorney Gonzalez's former client Veronica and 1) Veronica's role as a paralegal for

Tomas Espinosa, 2) Veronica's business dealings with the Davilas, and 3) Attorney Gonzalez's

representation of Veronica in unrelated proceeding(s).  Even without a direct conflict, however,

an attorney's representation of a third party can still violate the Rules of Professional Conduct and

be grounds for disqualification if it impacts the proposed representation.

### C.  Rules of Professional Conduct

The most pertinent facts in the combined Adversaries are as follows:

- Veronica, a non-party, had a contract with the Davilas in or around 2015 to purchase the Davilas real property through the Short Sale,  but the contract was never consummated. The alleged adversity is that the Davilas and Veronica were on opposite sides of the real estate contract.
- Veronica worked as a paralegal for Tomas Espinosa from 2004 to 2024 and was married to Tomas Espinosa in 2002.
- Tomas Espinosa was the prior counsel to the Davilas and the Rodriguez Plaintiffs.
- Tomas Espinosa withdrew as counsel for the Rodriguez Plaintiffs based on their alleged noncompliance with retainer agreements in two state court actions which have been dismissed.
- Veronica may be called as a witness in the Adversaries related to her work at the office of Tomas Espinosa.
- Attorney Shapiro asserted Veronica could be called as a witness to impeach the testimony of Plaintiff Davila.
- Attorney Gonzalez represented Veronica in her capacity as a non-party witness in an unrelated state court action (the Corbani Case), which apparently remains pending.
- Attorney Gonzalez has certified that her representation of Veronica was narrow and limited to representation of Veronica in the Corbani Case and that she has no current involvement with Veronica.  Defendant argues that in Veronica's 2021 Certification she

*Santiago Davila v. Kley F. Peralta, Sr. et. al.* Adv. Pro. 16-1682
*Rodriguez et al v. Peralta, Sr. et. al.*  Adv. Pro. 17-01047

Page 29 of 36

stated that Attorney Gonzalez also represented Veronica in 5 real estate transactions.  (ECF No. 176, pp. 2-3).
- Attorney Gonzalez has represented that she cannot and would not represent Veronica in the Adversaries.
- Veronica has submitted a certification waiving any conflict, without admitting any conflict exists.
- In Veronica's Certification she states that she declines independent counsel.
- Plaintiff Davila has submitted a certification waiving any conflict, without admitting any conflict exists.
- There does not appear to be any waiver filed by the Rodriguez Plaintiffs.

RPC 1.7(a) sets forth:

**(a)** Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:

(1) the representation of one client will be directly adverse to another client; or

(2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by a personal interest of the lawyer.

**(b)** Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:

(1) each affected client gives informed consent, confirmed in writing, after full disclosure and consultation, provided, however, that a public entity cannot consent to any such representation. When the lawyer represents multiple clients in a single matter, the consultation shall include an explanation of the common representation and the advantages and risks involved;

(2) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;

(3) the representation is not prohibited by law; and

(4) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal.

RPC 1.7(a)(1) prohibits an attorney from representing opposing parties in the same litigation.  New Jersey courts also prohibit the representation of one party against another which has sought representation from that attorney in a separate and unrelated manner, absent consent.

*Santiago Davila v. Kley F. Peralta, Sr. et. al.* Adv. Pro. 16-1682
*Rodriguez et al v. Peralta, Sr. et. al.*  Adv. Pro. 17-01047

Page 30 of 36

See *In re Roper & Twardowsky, LLC*, 566 B.R. 734, 747 (Bankr. D.N.J. 2017)(citing MODEL

RULES OF PROF'L CONDUCT R. 1.7 cmt. (2000)). *See, e.g., Whitman v. Estate of Whitman*,

259 N.J. Super 256 (Law Div. 1992) (disqualifying an attorney from representing a wife suing the

estate of her husband in state court while representing the husband's estate in an unrelated litigation

in federal court).

Consistent with this rule, and pursuant to RPC 1.7(a)(2), an attorney may not represent a

client if there is a significant risk that the representation will be materially affected by some

responsibility to the attorney or to a third person, including a former client. *In re Roper &

Twardowsky, LLC*, 566 B.R. at 747.

If a conflict exists, the Court must decide whether the conflict is cured under Rule 1.7(b).

The Third Circuit has recognized that "[a]lthough concurrent conflicts may be waived by clients

under the New Jersey and ABA Rules of Professional Conduct, the effect of a waiver, particularly

a prospective waiver, depends upon whether the clients have given truly informed consent." *In re

Congoleum Corp.*, 426 F.3d 675, 691 (3d Cir. 2005); see also *In re Matter of Edward J. Dolan*, 76

N.J. 1, 13, 384 A.2d 1076, 1081-1082 (1978) (holding "[t]his opinion should serve as notice that

henceforth where dual representation is sought to be justified on the basis of the parties' consents,

this Court will not tolerate consents which are less than knowing, intelligent and voluntary.")

In *Celgene Corp. v. KV Pharm. Co.* the District Court described the meaning of informed

consent:

The Rules of Professional Conduct define "informed consent" in RPC 1.0(e):
"'Informed consent' denotes the agreement by a person to a proposed course of
conduct after the lawyer has communicated adequate information and explanation
about the material risks of and reasonably available alternatives to the proposed

*Santiago Davila v. Kley F. Peralta, Sr. et. al.* Adv. Pro. 16-1682
*Rodriguez et al v. Peralta, Sr. et. al.*  Adv. Pro. 17-01047

Page 31 of 36

course of conduct." RPC 1.0(e). Thus, based on the relevant case law and the express language of RPC 1.7(b)(1) and 1.0(e), this Court understands "truly informed consent" to be consent that an attorney obtained after a consultation with the client in which the attorney proposed a course of conduct using adequate information, explained the material risks of this course of conduct, and stated reasonably available alternatives to the proposed course of conduct. *Congoleum* makes clear that the requirement of "truly informed consent" applies to future conflicts as well as ones that have already manifested.

*Celgene Corp. v. KV Pharm. Co.*, No. 07-4819 (SDW), 2008 WL 2937415, at *5 (D.N.J. July 29, 2008).

The Defendant argues that Attorney Gonzalez's representation of Veronica, based on her prior business dealing with the Davilas, poses a direct conflict in Attorney Gonzalez representing Plaintiff Davila in the Davila Adversary.   The Court does not view Veronica as presently directly adverse to Plaintiff Davila under RPC 1.7(a)(1).  Further, the evidence currently before the Court does not support a finding of a conflict under RPC 1.7(a)(2).  Defendant, however, has raised the possibility of a prospective conflict in the event Veronica is called as a witness in this case.

In the event of a direct conflict of interest, a cure is possible under RPC 1.7(b).  Plaintiff Davila has submitted a waiver of any conflict:

> Although no[t] necessary because the nonexistence of any adverse interest between Veronica Espinosa and I, I waive any actual or potential conflict of interest whether alleged or imagined, regarding Ms. Gonzalez prior representation of Mrs. Espinosa and her present representation of me

(ECF No. 175-2, pp. 1-3).  The Court finds that the Plaintiff Davila Certification which includes this waiver satisfies the requirements of RPC 1.7(b)(2).  Plaintiff Davila has been involved in substantial litigation in the Davila Adversary which commenced in 2016, including the

*Santiago Davila v. Kley F. Peralta, Sr. et. al.* Adv. Pro. 16-1682
*Rodriguez et al v. Peralta, Sr. et. al.*  Adv. Pro. 17-01047

Page 32 of 36

Defendant's 2021 motion to disqualify his prior counsel, Tomas Espinosa.  The Court finds that the waiver contained in the Plaintiff Davila Certification evidences informed consent.

There is no allegation of a prior business relationship between Veronica and the Rodriguez Plaintiffs  and the Court does not find that Veronica is directly adverse to the Rodriguez Plaintiffs. The fact that Veronica worked for Tomas Espinosa and Tomas Espinosa withdrew as counsel for the Rodriguez Plaintiffs is not, alone, sufficient to determine that Veronica has a direct conflict with the Rodriguez Plaintiffs.

Therefore, the Court does not find Veronica is adverse to the Rodriguez Plaintiffs under RPC 1.7(a)(1).  Further, the evidence currently before the Court does not support a finding of a current conflict under RPC 1.7(a)(2).   It is not clear whether there is the possibility of a prospective conflict in the Rodriguez Adversary because Attorney Shapiro represented that the purpose of calling Veronica as a witness in the Adversaries would be to impeach Plaintiff Davila.

RPC 1.8(b) regarding "Current Clients" sets forth the following, in pertinent part:

**(b)** Except as permitted or required by these rules, a lawyer shall not use information relating to representation of a client to the disadvantage of the client unless the client after full disclosure and consultation, gives informed consent.
RPC 1.8(b)

Since Attorney Gonzalez has represented that she is not currently representing Veronica, RPC 1.8(b) does not apply.   However, Attorney Gonzalez may still have a conflict based on Veronica's status as a former client.  RPC 1.9 provides the following, in pertinent part:

**(a)** A lawyer who has represented a client in a matter shall not thereafter represent another client in the same or a substantially related matter in which that client's interests are materially adverse to the interests of the former client unless the former client gives informed consent confirmed in writing.

*Santiago Davila v. Kley F. Peralta, Sr. et. al.* Adv. Pro. 16-1682
*Rodriguez et al v. Peralta, Sr. et. al.*  Adv. Pro. 17-01047

Page 33 of 36

     **(b)** A lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client.

          (1) whose interests are materially adverse to that person; and

          (2) about whom the lawyer, while at the former firm, had personally acquired information protected by RPC 1.6 and RPC 1.9(c) that is material to the matter unless the former client gives informed consent, confirmed in writing.

          Notwithstanding the other provisions of this paragraph, neither consent shall be sought from the client nor screening pursuant to RPC 1.10 permitted in any matter in which the attorney had sole or primary responsibility for the matter in the previous firm.

     **(c)** A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:

          (1) use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client, or when the information has become generally known; or

          (2) reveal information relating to the representation except as these Rules would permit or require with respect to a client.

Similar to the analysis under RPC 1.7, there is insufficient evidence that Attorney Gonzalez's former representation of Veronica in the Corbani Case amounts to a current conflict in representation of the respective Plaintiffs in the Adversaries.

The Defendant places substantial emphasis on the Superior Court Disqualification Order and the Superior Court Reconsideration Denial by Judge Marsala in the Corbani Case and the Appellate Division Denials related to that case as the basis for why disqualification is appropriate here.  The Defendant argues that disqualification is even more appropriate here than in the Corbani Case.  (ECF No. 158-1, p. 16).  This Court disagrees.  The Defendant's reliance on the Corbani Case is misplaced as there are significant factual differences between the Corbani Case and the Adversaries that impact the disqualification analysis.

*Santiago Davila v. Kley F. Peralta, Sr. et. al.* Adv. Pro. 16-1682
*Rodriguez et al v. Peralta, Sr. et. al.* Adv. Pro. 17-01047

Page 34 of 36

While Veronica is not a party in the Corbani Case, she was a non-party witness.  Attorney Gonzalez was Veronica's counsel of record in the Corbani Case, sought to defend her against compelled testimony, and actively represented Veronica in a deposition.   Subsequent to her representation of Veronica, Attorney Gonzalez represented the plaintiffs in the Corbani Case following Tomas Espinosa's suspension and inability to continue to represent the plaintiffs.

Judge Marsala recounted the following findings in the Superior Court Reconsideration Denial in the Corbani Case:

> On October 11, 2024, this Court held oral argument regarding the motion to disqualify. During the proceedings, this Court made the determination that (1) Veronica Espinosa is a non- party witness in this case, (2) Ms. Espinosa was compelled for deposition in this case (Order to Compel Deposition (Trans. ID: LCV20202238740), (3) Ms. Espinosa gave deposition testimony, (4) Maria Ines Gonzalez was Ms. Espinosa's attorney at the deposition (Motion to Disqualify, Exhibit D, Page 6: 2-22), (5) Maria Ines Gonzales submitted paperwork on behalf of Veronica Espinosa (Reply Brief (Trans. ID: LCV2021 1 4309), and (6) Ms. Espinosa may be subject to subpoena during the pendency of this case.

(ECF No. 174, Exhibit A, p.2).

Attorney Gonzalez was already actively representing a third party (Veronica) in the Corbani Case when she began representing the plaintiffs in the same case.  The Court noted that the third party (Veronica) was still subject to subpoena in the Corbani Case at the time Attorney Gonzalez began representing the plaintiffs.

While this case and the Corbani Case contain some of the same parties and/or counsel and Veronica has been at the center of the motions to disqualify here and in the State Court, the matters are distinguishable in significant ways for purposes of a disqualification analysis.  Here, unlike in the Corbani Case, Attorney Gonzalez was not involved in the Adversaries and has not represented

*Santiago Davila v. Kley F. Peralta, Sr. et. al.* Adv. Pro. 16-1682
*Rodriguez et al v. Peralta, Sr. et. al.*  Adv. Pro. 17-01047

Page 35 of 36

any party or non-party in the Adversaries prior to her Notice of Appearance on behalf of the Plaintiffs.

Attorney Shapiro has indicated that he may call Veronica as a witness in the Adversaries, based on her role as Tomas Espinosa's paralegal.  However, Veronica has filed a Certification indicating that she "previously retained Ms. Gonzalez solely to file a motion to vacate a deposition order in *Corbani et al. v. Kley F. Peralta, Sr. et al* (Docket No. PAS-L-001056-19)" and the representation was "narrow in scope." (ECF No. 175, pp. 2-3).  Veronica also asserts that she "declines independent counsel in this matter." *Id*. at p. 3.

Following careful consideration of the parties' submissions for and against the Motions to Disqualify, the Court fails to find conclusive proof of a violation of the Rules of Professional Conduct that has not been cured.  It is important to note that the Third Circuit Court of appeals, which is binding on this Court, instructs that disqualification of counsel is an extreme remedy.  *See* e.g. *Jackson v. Rohm & Haas Co.,* 366 F. App'x 342, 347 *(3d Cir. 2010*).  The party seeking disqualification has a "heavy burden" and a "high standard of proof" which the Court finds has not been met in support of the Motions to Disqualify.  *See In re Cendant Corp. Sec. Litig.*, 124 F. Supp. 2d 235, 249 (D.N.J. 2000).  Because the Court has not found uncured violations of RPCs 1.7, 1.8 or 1.9, the balance weighs in favor of permitting the Plaintiffs the right to retain counsel of their choice.  "[D]isqualification of counsel during pending litigation is an extreme measure, courts must closely scrutinize the facts of each case to avoid injustice. The court must balance the hardships to the client whose lawyer is sought to be disqualified against the potential harm to the adversary should the attorney be permitted to proceed." *In re Cendant Corp. Sec. Litig.*, 124 F. Supp. 2d 235, 249 (D.N.J. 2000) (internal citations omitted).

*Santiago Davila v. Kley F. Peralta, Sr. et. al.* Adv. Pro. 16-1682
*Rodriguez et al v. Peralta, Sr. et. al.*  Adv. Pro. 17-01047

Page 36 of 36

Although the Court denies the Motions to Disqualify based on the facts and record before it at present, such denial is without prejudice and if a conflict arises during the course of the Adversaries, the parties' rights are not prejudiced to bring an appropriate motion.

**V        CONCLUSION**

For these reasons, the Defendant's Motion to Disqualify in the Davila Adversary is DENIED without prejudice and the Defendant's Motion to Disqualify in the Rodriguez Adversary is DENIED without prejudice.